**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 15-1978**

AHMED ELDIB, D.D.S.,

        Plaintiff – Appellant,

     v.

BASS PRO OUTDOOR WORLD, L.L.C., d/b/a Bass Pro Shops Outdoor World; JOHN DOE,

        Defendants - Appellees.

Appeal from the United States District Court for the Eastern District of Virginia, at Richmond.  John A. Gibney, Jr., District Judge.  (3:15-cv-00118-JAG)

Submitted:  April 26, 2016        Decided:  July 18, 2016

Before WYNN, THACKER, and HARRIS, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Kevin P. Shea, KEVIN P. SHEA, Hampton, Virginia, for Appellant. James W. Walker, J. Brandon Sieg, VANDEVENTER BLACK, LLP, Richmond, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Dr. Ahmed Eldib appeals the district court's order granting Bass Pro Outdoor World, LLC's ("Bass Pro") motion to dismiss his complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). Eldib argues that the facts alleged in his complaint were sufficient for a jury to conclude that Bass Pro's behavior was extreme and outrageous, and that Eldib suffered severe emotional distress. "Because the district court dismissed [Eldib's] claims under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim, we review legal issues de novo and treat the facts alleged in the complaint as true." Nemphos v. Nestle Waters N. Am., Inc., 775 F.3d 616, 617 (4th Cir. 2015).

In Virginia, to establish liability for intentional infliction of emotional distress, a plaintiff must prove: "(1) the wrongdoer's conduct was intentional or reckless; (2) the conduct was outrageous and intolerable; (3) there was a causal connection between the wrongdoer's conduct and the emotional distress; and (4) the emotional distress was severe." Harris v. Kreutzer, 624 S.E.2d 24, 33 (Va. 2006). To satisfy the second element, it is not enough that the conduct is "[i]nsensitive and demeaning"; rather, the conduct must be "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as

2

atrocious, and utterly intolerable in a civilized community."
Id. (quoting Russo v. White, 400 S.E.2d 160, 162 (Va. 1991)).

Viewing the facts in the light most favorable to Eldib, he encountered unhelpful, perhaps incompetent, employees who persisted in their incorrect belief that they were unable to sell assault rifles to non-citizens. This conduct does not rise above the level of "mere insults, indignities, threats, annoyances, petty oppressions, or other trivialities," Gaiters v. Lynn, 831 F.2d 51, 53 (4th Cir. 1987) (quoting Restatement (Second) of Torts § 46, cmt. d (1965)), and is less "outrageous" than the behavior exhibited by the defendant in Kreutzer, 624 S.E.2d at 33-34. Furthermore, the comments were not "manifestly disparaging or demeaning" of Eldib's ethnicity or national origin. Gaiters, 831 F.2d at 54. Under these circumstances, the district court correctly determined that Eldib failed to allege sufficient facts to satisfy the "outrageous and intolerable" requirement of intentional infliction of emotional distress. Kreutzer, 624 S.E.2d at 33.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED

3